**In re WINTER PARK CONSTRUCTION, INC.**

No. 06–00–00043–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 14, 2000.

Decided Oct. 2, 2000.

Bailey C. Moseley, Marshall, for relator.

Don Stokes, Stokes Law Office, Marshall, for real parties in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Winter Park Construction, Inc. seeks a writ of mandamus ordering the Honorable James Ammerman, Judge of the Harrison County Court at Law, to abate Crown Cabinet Corporation's suit against Winter Park pending arbitration of the dispute between the parties. We grant Winter Park's petition for the reasons set out hereafter.

Crown Cabinet Corporation is a Texas corporation with its principal office in Marshall, Texas. Winter Park is a Florida corporation with its principal place of business in Maitland, Florida. Crown is in the business of installing cabinets primarily in multi-unit housing projects. Crown and

Winter Park entered into a subcontract whereby Crown would install cabinets for Winter Park at a project in Jacksonville, Florida. The contract contained an arbitration provision that reads as follows:

10. Arbitration. 10.1 Any controversy or claim between WPC [Winter Park] and Sub [Crown Cabinet] arising out of or relating to this Agreement shall be decided by arbitration conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.

A dispute arose concerning the payments due from Winter Park to Crown for the work performed under their contract. Despite the arbitration provision, Crown brought suit on account against Winter Park in state court in Harrison County, Texas. Winter Park responded and filed a motion to abate the suit until arbitration could be conducted pursuant to the provisions of the credit memoranda made a part of the contract. Before the court acted on the motion to abate, Winter Park removed the case to federal court. The federal court, however, remanded the case to the county court at law. Winter Park then unilaterally undertook arbitration before the American Arbitration Association in Florida. Ultimately, the county court at law held a hearing on the plea of abatement. The court overruled the plea and issued a temporary injunction prohibiting Winter Park from proceeding in arbitration.

Crown contends that the court properly enjoined arbitration because (1) a choice of law provision contained in a credit application and in certain change orders superseded the arbitration provisions in the subcontract, (2) Winter Park waived its right to arbitration because of its conduct in the court action, (3) Winter Park had an adequate remedy at law by appeal of the temporary injunction and therefore mandamus is not proper, and (4) Winter Park's petition to abate the suit was insufficiently verified.

■ We conclude that the forum selection clause in the credit application and change orders did not supersede or obviate the arbitration provision. The forum selection clause provides that:

This Contract and the relationship between Seller and Buyer shall be governed and interpreted under the laws of Texas without regard to any conflict of laws provision. Venue for any suit arising out of any relationship between Seller and Buyer shall be the appropriate court in Harrison county [sic], Texas ... Buyer consents to, and waives any objections to, in personam jurisdiction In [sic] Harrison County, Texas.

■ Assuming that the quoted provisions modify the subcontract between Crown and Winter Park, we find they do not supersede or obviate the arbitration provisions of the subcontract. Taking the provisions in context, they simply provide that venue of any suit over the contract will be in Harrison County and that Texas law will govern in any such litigation. Thus, the provisions specifically apply to lawsuits, not to arbitration. A contractual choice of law provision will not supersede or obviate an arbitration provision unless the choice of law provision specifically excludes arbitration. *See In re L & L Kempwood Assocs., L.P.,* 9 S.W.3d 125, 128 (Tex. 1999). The choice of law and venue provisions here do not contain any language explicitly excluding arbitration.

■ Crown contends that Winter Park waived any right to arbitrate by proceeding to litigation over the amounts in dispute. Crown contends that by participating in the Harrison County litigation, by engaging in discovery, and by removing the case to federal court at one point,[1] Winter Park waived its right to arbitration.

■ Whether a party has waived its right to arbitration under federal law is a

---

1. The federal court remanded the litigation back to the state court.

question of law for the court to decide. *See In re Bruce Terminix Co.*, 988 S.W.2d 702 (Tex.1998). Because public policy favors arbitration, federal law imposes a strong presumption against waiver. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765, 785 (1983). Waiver will be found only where the party seeking arbitration has substantially invoked the judicial process to the other party's detriment. *See In re Bruce Terminix Co.*, 988 S.W.2d at 704; *see also Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir.1991). In the *Walker* case, the party seeking arbitration removed the case from state court to federal court, participated in scheduling and discovery conferences, and propounded interrogatories in discovery; yet the court found that this activity did not constitute a waiver of its right to arbitrate. In that case, the participation in litigation extended for nearly two years before the right to arbitrate was invoked. Ordinarily, courts find waiver only if the party seeking arbitration has actively tried and failed to achieve a satisfactory result in the litigation before turning to arbitration, such as moving for summary judgment or otherwise seeking a final judicial resolution of the dispute. *See In re Bruce Terminix Co., supra,* and cases there cited. Even substantially invoking the judicial process does not constitute waiver unless the opposing party proves that it was prejudiced as a result. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex.1995); *see also Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 496–97 (5th Cir.1986).

Winter Park did not actively try to achieve a satisfactory result in the litigation before it sought arbitration. It answered the suit, it removed the suit temporarily to the federal court, and it participated in some discovery. We find that this activity by Winter Park does not satisfy Crown's "heavy burden" to show waiver. *See Walker v. J.C. Bradford & Co.*, 938 F.2d at 577.

We reject Crown's contention that mandamus is not the proper remedy here. Mandamus relief is available to a party who is improperly denied the right to arbitration under an agreement subject to the Federal Arbitration Act. *See In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d at 128; *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 575 (Tex.1999); *In re Turner Bros. Trucking Co.*, 8 S.W.3d 370, 373 (Tex.App.—Texarkana 1999, orig. proceeding).

Finally, Crown attacks Winter Park's petition as insufficient because the affidavit of counsel fails to comply with Tex. R.App.P. 52.3. We have examined the affidavit and find that it is sufficient. *See Walker v. Miller*, 729 S.W.2d 120, 122 (Tex.App.—Dallas 1987, no writ).

For the reasons stated, we conditionally grant the relief requested by relator. The county court at law is directed to dissolve the injunction against arbitration and abate the suit. We are confident that the trial court will comply. The writ will issue only if the trial court fails to do so.