NEW CONCEPT CONSTRUCTION
CO., INC., Appellant,

v.

KIRBYVILLE CONSOLIDATED
INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 09–03–124 CV.

Court of Appeals of Texas,
Beaumont.

Submitted July 23, 2003.

Decided Oct. 16, 2003.

Wayne T. Rife, Rebecca D. Eplen, West, Webb, Allbritton, Gentry & Rife, P.C., College Station, Dewey J. Gonsoulin, Mehaffy Weber, PC, Beaumont, for appellant.

Blake G. Powell, Powell & Leon, LLP, Austin, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

This appeal arises from the trial court's order staying arbitration proceedings. New Concept Construction Company, Inc. (New Concept) initiated arbitration proceedings to resolve a claim against Kirbyville Consolidated Independent School District (KCISD) for wrongful termination of a contract. New Concept appeals the order staying arbitration.

KCISD and New Concept entered into a contract regarding New Concept's construction of a high school gymnasium for KCISD. The contract included a "Disputes" resolution clause and incorporated a document entitled the "General Conditions of the Contract for Construction." The Contract provides, in part, as follows:

ARTICLE I—THE CONSTRUCTION DOCUMENTS

The Contract Documents consist of this Agreement, the Conditions of the Contract, (General, Supplementary and other conditions); the Drawings, the Specifications, Attachments, all Addenda issued prior to and all Modifications issued after execution of this agreement.

. . . .

ARTICLE IX—DISPUTES

9.1 All matters relating to the validity, performance, interpretation of [sic] construction of the contract documents or breach thereof shall be governed by and construed in accordance with the laws of the state of Texas. The Contractor shall not institute any action of [sic] proceeding in any way relating to this agreement against the Owner except in a court of competent jurisdiction in the County in which the work was performed.

The "General Conditions" document contains a section requiring arbitration. Consisting of nine paragraphs, the arbitration section sets out the types of controversies and claims that are subject to arbitration, the rules and notices for arbitration, the time frame for demanding arbitration, the limitations on consolidation or joinder of other claims or parties, the possibility of amendment of claims, and the entry of judgment on the award by "any court having jurisdiction thereof."

The trial court found that the "Disputes" provision of the Contract and the arbitration section of the "General Conditions" are in irreconcilable conflict. In an effort to harmonize the two provisions, the trial judge admitted parol evidence to ascertain the intent of the parties. KCISD argues this evidence supports the trial court's finding that the parties did not intend to arbitrate disputes under the contract, and that no valid arbitration agreement exists. In contrast, New Concept argues the provisions do not conflict or render the contract ambiguous. New Concept further maintains, based on its argument of no irreconcilable conflict and no ambiguity, that the trial court erred in admitting parol evidence to ascertain the intent of the parties.

██ Generally, a court should presume the parties to a contract intend each clause to have some effect, and the court should not strike down any portion of the contract unless there is an irreconcilable conflict. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex.1983). We ascertain and give effect to the parties' intentions as expressed in the document itself. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex.2000).

The provisions are to be interpreted, to the extent possible, in a way that gives effect to the entire agreement and harmonizes potential conflicts between differing provisions. *See MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex.1999). If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Only when the court finds the contract ambiguous may the court consider parol evidence of the parties' intentions. *See National Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). When a contract is not ambiguous, the contract should be enforced as written. *Lopez*, 22 S.W.3d at 862.

■ In reviewing the two contract provisions, we conclude they do not irreconcilably conflict. KCISD acknowledges that the selection of Texas law to govern disputes under the contract is a typical choice of law provision and does not conflict with the arbitration section. It is Article IX's second sentence that KCISD says irreconcilably conflicts with the arbitration clause and renders the contract ambiguous. The second sentence says the contractor shall not institute any action or proceeding on the contract except in the county where the work is to be performed. This section, however, can be harmonized with the arbitration provisions, as other courts of appeals have done with similar provisions. In *Cash Am. Int'l, Inc. v. Exchange Servs., Inc.*, 83 S.W.3d 183 (Tex.App.-Amarillo 2002, no pet.), the court rejected an argument that a venue provision contradicted an arbitration provision. *Id.* at 188. In *In re Winter Park Constr., Inc.*, 30 S.W.3d 576, 578 (Tex.App.-Texarkana 2000, orig. proceeding), the court held that a forum selection clause did not supersede or obviate an arbitration provision, because the

choice of law and venue provisions did not contain any language explicitly excluding the arbitration provided for in the contract. Another appellate court has made a similar holding. *See also In re Orkin Exterminating Co.*, No. 01–00–00730–CV, 2000 WL 1752900 (Tex.App.-Houston [1st Dist.] 2000, orig. proceeding) (not designated for publication) (holding, in a case where the party sought arbitration under the Federal Arbitration Act, that a contract provision concerning suits in court did not conflict with an arbitration provision and the provisions could be harmonized).

The forum selection provision at issue here is consistent with the arbitration provision. Article IX, the "Disputes" section, does not specifically exclude arbitration. And, as provided in the Texas General Arbitration Act ("Act"), trial court involvement is contemplated in the arbitration context under certain specified circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.081–171.098 (Vernon Supp. 2003). Subchapter D of the Act entitled "Court Proceedings," confers jurisdiction on a court to enforce an arbitration agreement and to render judgment on an arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.081 (Vernon Supp.2003). If the court's assistance becomes necessary during the arbitration process, or if arbitration is waived, the parties' forum selection provision in Article IX establishes venue in the county where the work was performed.

Subchapter D sets out the procedures for a party seeking to invoke a court's jurisdiction in the arbitration context: the time for filing an application for a court order; the contents of the application to the court; the types of court orders that may be rendered; under what circumstances the court may vacate, correct, or modify an arbitration award; the court's entry of judgment on the award; service

of process on each adverse party; transfer; and appeal of the court's judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 171.082–.098 (Vernon Supp.2003). For these proceedings, or in the event arbitration is waived, the forum selection clause in the contract serves to designate the county where proceedings against the adverse party may be filed.

■ The law strongly favors arbitration, and the Texas Supreme Court has instructed courts to resolve any doubts about arbitration agreements in favor of arbitration. *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996); *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex.1995) ("Arbitration of disputes is strongly favored under federal and state law."). We interpret the forum selection clause and the arbitration provision together to mean that the contractor must file any court proceeding not precluded by the arbitration provision in the County in which the work was performed—for example, an action to enforce arbitration and render judgment on an arbitration award, or an action where arbitration has been waived. *See Personal Sec. & Safety Sys., Inc. v. Motorola Inc.*, 297 F.3d 388, 395–96 (5th Cir.2002) (forum selection clause cannot nullify an arbitration clause unless the forum selection clause specifically precludes arbitration) (citing *In re Winter Park Constr., Inc.*, 30 S.W.3d at 578).

We find no conflict between the two provisions that cannot be harmonized. We sustain issue one. The trial court's order staying arbitration is reversed, and judgment is rendered ordering the parties to resume arbitration. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.023(c) (Vernon Supp. 2003).

REVERSED AND RENDERED.

BURGESS, Justice, filed a dissenting opinion.

DON BURGESS, Justice, dissenting.

I vigorously dissent. Unfortunately, the majority, in a misguided slavish adherence to the "arbitrate at every opportunity" mentality, deprives the taxpayers of the Kirbyville Consolidated Independent School District of a right they bargained and contracted for: to have their contract dispute decided by a court in Jasper County.

As noted in the majority opinion, two provisions are at issue. Article I of the contract is entitled "THE CONSTRUCTION DOCUMENTS" and incorporates a form document prepared by the American Institute of Architects, *General Conditions of the Contract for Construction*, as a Contract Document. Subsection 4.9 of the General Conditions provides "[a]ny controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration ..." Article IX of the contract proper is entitled "DISPUTES." It provides:

All matters relating to the validity, performance, interpretation [or] the construction of the contract documents or breach thereof shall be governed by and construed in accordance with the laws of the state of Texas. The Contractor shall not institute any action [or] proceeding in any way relating to this agreement against the Owner except in a court of competent jurisdiction in the County in which the work was performed.

The majority attempts to harmonize the two provisions by holding that Article IX is only a forum selection provision that establishes venue in the county where the work was performed if the court's assistance becomes necessary during the arbitration process or if arbitration is waived

by New Concept. This would be true· if Article IX only contained the first sentence. The majority states "the 'Disputes' section does not *specifically* exclude arbitration." They are correct, but that does not end the analysis. What Article IX does is *prohibit* New Concept from instituting any action other than a court action. Thus, if New Concept can only institute any action in a court in Jasper County, then they are excluded from instituting an arbitration process. KCISD suggests the arbitration provision can be harmonized with Article IX inasmuch as KCISD could consent to arbitration. The reasonableness of this interpretation is readily apparent. From the language of the contract alone, it is just as likely the parties intended *not* to arbitrate their disputes unless KCISD consented to arbitration as it is the parties intended to arbitrate their disputes unless New Concept waived arbitration.

If the language of a contract is subject to two or more reasonable interpretations, it is ambiguous. *See National Union Fire Insurance Co. of Pittsburgh, PA v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). "Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered." *Id.* "Evidence of surrounding circumstances may be consulted" and only if, "in the light of surrounding circumstances, the language of the contract appears to be capable of only a single meaning" is the court to confine itself to the writing. *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 731 (Tex.1981). As the court explained in *Sun Oil:*

> ... [T]here must always be an association between words and external objects, and no matter how definite a contract may appear on its face, "words must be translated into things and facts." Thus ... the contract in any event had to be appraised in view of the surrounding circumstances known to the parties at the time of its execution and these reasonably could be looked to without violating the parol evidence rule even though the contract were not deemed ambiguous....
>
> ... In interpreting contracts or clauses set forth in "clear and unambiguous" language, the courts do not confine themselves to a mere inspection of the document. Before committing themselves, the courts carefully examine the surrounding circumstances, prior negotiations, and all other relevant incidents bearing on the intent of the parties....
>
> ... Only after a careful and painstaking search of all the factors shedding light on the intent of the parties, only after "turning signs and symbols into equivalent realities" will the court conclude that the language in any given case is "clear and unambiguous."

*Id.* at 731 n. 5 (quoting 4 WILLISTON ON CONTRACTS § 600A, 609 (Third Ed.1961)).

The trial court considered two contracts from the same construction project between KCISD and its Construction Manager and between KCISD and its Architect. In both contracts, the arbitration provision was deleted. The trial court further considered a letter from KCISD's legal counsel to its Architect stating that all of the language relating to arbitration had been removed and the reasons thereto. Also admitted into evidence were two affidavits. Ed Gant, project architect, averred that it was his experience as KCISD's architect that KCISD "has routinely stricken contract provisions that require the arbitration of disputes." Robert Lane, Assistant Superintendent of KCISD, stated the Board of Trustees did not review the AIA Document A201/CMa at the time of signing the Agreement and was not aware it contained an arbitration clause.

The record establishes that only the Agreement, containing Article IX, was signed by KCISD. Further, Lane avowed that it was his experience that KCISD routinely struck arbitration provisions.

New Concept contends it was improper for the trial court to consider this evidence, arguing the court was limited to the "four corners" of the contract. But as noted above, Article IX is reasonably susceptible to more than one interpretation. Therefore, it was not only permissible, but in this case necessary, for the trial court to consider extrinsic evidence in order to determine the parties' intentions as regards Article IX, i.e., did the parties intend it to be only a forum selection clause or did they intend it to prevent New Concept from instituting any proceeding other than a court action? As the Supreme Court of Texas wrote in *National Union Fire Insurance Co.*, "[e]xtrinsic evidence may, indeed, be admissible to give the words of a contract a meaning consistent with that to which they are reasonably susceptible, *i.e.*, to 'interpret' contractual terms. If the contract language is not fairly susceptible of more than one legal meaning or construction, however, extrinsic evidence is inadmissible...." *Nat'l Union Fire Ins.* 907 S.W.2d at 521. Moreover, the Texas Supreme Court in *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266 (Tex.1992) expressly held "the trial court may summarily decide whether to compel arbitration on the basis of *affidavits*, pleadings, discovery, and stipulations." *Id.* at 269 (emphasis added).

Article IX is susceptible to more than one legal meaning or construction. Therefore, the trial court did not err in considering extrinsic evidence to determine the true intentions of the parties. In light of that evidence, it is abundantly clear Article IX was intended to be more than a forum selection clause; as expressly stated in Article IX, to prohibit New Concept from instituting *any action or proceeding* other than a court action. This does not render the arbitration provision meaningless, as it is within KCISD's power to waive its rights under Article IX and agree to arbitrate. Accordingly, the trial court did not abuse its discretion in staying the arbitration proceedings. Therefore, I would affirm the trial court.