In The

Court of Appeals

Ninth District of Texas at Beaumont

____________________

NO. 09-03-124 CV
____________________

NEW CONCEPT CONSTRUCTION CO., INC., Appellant

V.

KIRBYVILLE CONSOLIDATED 
INDEPENDENT SCHOOL DISTRICT, Appellee




On Appeal from the 1st District Court
Jasper County, Texas
Trial Cause No. 24306




OPINION

         This appeal arises from the trial court’s order staying arbitration proceedings. New
Concept Construction Company, Inc. (New Concept) initiated arbitration proceedings to
resolve a claim against Kirbyville Consolidated Independent School District (KCISD) for
wrongful termination of a contract. New Concept appeals the order staying arbitration.
         KCISD and New Concept entered into a contract regarding New Concept’s
construction of a high school gymnasium for KCISD. The contract included a “Disputes”
resolution clause and incorporated a document entitled the “General Conditions of the
Contract for Construction.” The Contract provides, in part, as follows: 
Article I - The Construction Documents
The Contract Documents consist of this Agreement, the Conditions of the
Contract, (General, Supplementary and other conditions); the Drawings, the
Specifications, Attachments, all Addenda issued prior to and all
Modifications issued after execution of this agreement.
. . . .
Article IX - Disputes
9.1 All matters relating to the validity, performance, interpretation of [sic]
construction of the contract documents or breach thereof shall be governed
by and construed in accordance with the laws of the state of Texas. The
Contractor shall not institute any action of [sic] proceeding in any way
relating to this agreement against the Owner except in a court of competent
jurisdiction in the County in which the work was performed. 

The “General Conditions” document contains a section requiring arbitration. Consisting
of nine paragraphs, the arbitration section sets out the types of controversies and claims
that are subject to arbitration, the rules and notices for arbitration, the time frame for
demanding arbitration, the limitations on consolidation or joinder of other claims or
parties, the possibility of amendment of claims, and the entry of judgment on the award
by “any court having jurisdiction thereof.” 
         The trial court found that the “Disputes” provision of the Contract and the
arbitration section of the “General Conditions” are in irreconcilable conflict. In an effort
to harmonize the two provisions, the trial judge admitted parol evidence to ascertain the
intent of the parties. KCISD argues this evidence supports the trial court’s finding that the
parties did not intend to arbitrate disputes under the contract, and that no valid arbitration
agreement exists. In contrast, New Concept argues the provisions do not conflict or render
the contract ambiguous. New Concept further maintains, based on its argument of no
irreconcilable conflict and no ambiguity, that the trial court erred in admitting parol
evidence to ascertain the intent of the parties. 
         Generally, a court should presume the parties to a contract intend each clause to
have some effect, and the court should not strike down any portion of the contract unless
there is an irreconcilable conflict. Ogden v. Dickinson State Bank, 662 S.W.2d 330, 332
(Tex. 1983). We ascertain and give effect to the parties’ intentions as expressed in the
document itself. See Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 861
(Tex. 2000). The provisions are to be interpreted, to the extent possible, in a way that
gives effect to the entire agreement and harmonizes potential conflicts between differing
provisions. See MCI Telecomms. Corp. v. Texas Utils. Elec. Co., 995 S.W.2d 647, 652
(Tex. 1999). If a written contract is so worded that it can be given a certain or definite
legal meaning or interpretation, then it is not ambiguous and the court will construe the
contract as a matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Only
when the court finds the contract ambiguous may the court consider parol evidence of the
parties’ intentions. See National Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d
517, 520 (Tex. 1995). When a contract is not ambiguous, the contract should be enforced
as written. Lopez, 22 S.W.3d at 862.
         In reviewing the two contract provisions, we conclude they do not irreconcilably
conflict. KCISD acknowledges that the selection of Texas law to govern disputes under
the contract is a typical choice of law provision and does not conflict with the arbitration
section. It is Article IX’s second sentence that KCISD says irreconcilably conflicts with
the arbitration clause and renders the contract ambiguous. The second sentence says the
contractor shall not institute any action or proceeding on the contract except in the county
where the work is to be performed. This section, however, can be harmonized with the
arbitration provisions, as other courts of appeals have done with similar provisions. In
Cash Am. Int’l, Inc. v. Exchange Servs., Inc., 83 S.W.3d 183 (Tex. App.--Amarillo 2002,
no pet.), the court rejected an argument that a venue provision contradicted an arbitration
provision. Id. at 188. In In re Winter Park Constr., Inc., 30 S.W.3d 576, 578 (Tex.
App.--Texarkana 2000, orig. proceeding), the court held that a forum selection clause did
not supersede or obviate an arbitration provision, because the choice of law and venue
provisions did not contain any language explicitly excluding the arbitration provided for 
in the contract. Another appellate court has made a similar holding. See also In re Orkin
Exterminating Co., No. 01-00-00730-CV, 2000 WL 1752900 (Tex. App.--Houston [1st
Dist.] 2000, orig. proceeding) (not designated for publication) (holding, in a case where
the party sought arbitration under the Federal Arbitration Act, that a contract provision
concerning suits in court did not conflict with an arbitration provision and the provisions
could be harmonized). 
         The forum selection provision at issue here is consistent with the arbitration
provision. Article IX, the “Disputes” section, does not specifically exclude arbitration. 
And, as provided in the Texas General Arbitration Act (“Act”), trial court involvement is
contemplated in the arbitration context under certain specified circumstances. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 171.081-171.098 (Vernon Supp. 2003). Subchapter
D of the Act entitled “Court Proceedings,” confers jurisdiction on a court to enforce an
arbitration agreement and to render judgment on an arbitration award. See Tex. Civ.
Prac. & Rem. Code Ann. § 171.081 (Vernon Supp. 2003). If the court’s assistance
becomes necessary during the arbitration process, or if arbitration is waived, the parties’
forum selection provision in Article IX establishes venue in the county where the work was
performed.  
         Subchapter D sets out the procedures for a party seeking to invoke a court’s
jurisdiction in the arbitration context: the time for filing an application for a court order;
the contents of the application to the court; the types of court orders that may be rendered;
under what circumstances the court may vacate, correct, or modify an arbitration award;
the court’s entry of judgment on the award; service of process on each adverse party;
transfer; and appeal of the court’s judgment. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 171.082 - .098 (Vernon Supp. 2003). For these proceedings, or in the event arbitration
is waived, the forum selection clause in the contract serves to designate the county where
proceedings against the adverse party may be filed. 
         The law strongly favors arbitration, and the Texas Supreme Court has instructed
courts to resolve any doubts about arbitration agreements in favor of arbitration. Cantella
& Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996); Prudential Secs. Inc. v.
Marshall, 909 S.W.2d 896, 898 (Tex. 1995) (“Arbitration of disputes is strongly favored
under federal and state law.”). We interpret the forum selection clause and the arbitration
provision together to mean that the contractor must file any court proceeding not precluded
by the arbitration provision in the County in which the work was performed -- for
example, an action to enforce arbitration and render judgment on an arbitration award, or
an action where arbitration has been waived. See Personal Sec. & Safety Sys., Inc. v.
Motorola Inc., 297 F.3d 388, 395-96 (5th Cir. 2002) (forum selection clause cannot nullify
an arbitration clause unless the forum selection clause specifically precludes arbitration)
(citing In re Winter Park Constr., Inc., 30 S.W.3d at 578). 
         We find no conflict between the two provisions that cannot be harmonized. We
sustain issue one. The trial court’s order staying arbitration is reversed, and judgment is
rendered ordering the parties to resume arbitration. See Tex. Civ. Prac. & Rem. Code
Ann. § 171.023(c) (Vernon Supp. 2003).
         REVERSED AND RENDERED.
                                                                 _________________________________
                                                                           DAVID B. GAULTNEY
                                                                                       Justice

Submitted on July 23, 2003
Opinion Delivered October 16, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.


DISSENTING OPINION
         I vigorously dissent. Unfortunately, the majority, in a misguided slavish adherence
to the “arbitrate at every opportunity” mentality, deprives the taxpayers of the Kirbyville
Consolidated Independent School District of a right they bargained and contracted for: to
have their contract dispute decided by a court in Jasper County.
         As noted in the majority opinion, two provisions are at issue. Article I of the
contract is entitled “THE CONSTRUCTION DOCUMENTS” and incorporates a form
document prepared by the American Institute of Architects, General Conditions of the
Contract for Construction, as a Contract Document. Subsection 4.9 of the General
Conditions provides “[a]ny controversy or Claim arising out of or related to the Contract,
or the breach thereof, shall be settled by arbitration . . .” Article IX of the contract proper
is entitled “DISPUTES.” It provides: 
All matters relating to the validity, performance, interpretation [or] the
construction of the contract documents or breach thereof shall be governed
by and construed in accordance with the laws of the state of Texas. The
Contractor shall not institute any action [or] proceeding in any way relating
to this agreement against the Owner except in a court of competent
jurisdiction in the County in which the work was performed.
  
         The majority attempts to harmonize the two provisions by holding that Article IX
is only a forum selection provision that establishes venue in the county where the work was
performed if the court’s assistance becomes necessary during the arbitration process or if
arbitration is waived by New Concept. This would be true if Article IX only contained the
first sentence. The majority states “the ‘Disputes’ section does not specifically exclude
arbitration.” They are correct, but that does not end the analysis. What Article IX does
is prohibit New Concept from instituting any action other than a court action. Thus, if
New Concept can only institute any action in a court in Jasper County, then they are
excluded from instituting an arbitration process. KCISD suggests the arbitration provision
can be harmonized with Article IX inasmuch as KCISD could consent to arbitration. The
reasonableness of this interpretation is readily apparent. From the language of the contract
alone, it is just as likely the parties intended not to arbitrate their disputes unless KCISD
consented to arbitration as it is the parties intended to arbitrate their disputes unless New
Concept waived arbitration.
         If the language of a contract is subject to two or more reasonable interpretations,
it is ambiguous. See National Union Fire Insurance Co. of Pittsburgh, PA v. CBI
Industries, Inc., 907 S.W.2d 517, 520 (Tex. 1995). “Whether a contract is ambiguous is
a question of law for the court to decide by looking at the contract as a whole in light of
the circumstances present when the contract was entered.” Id. “Evidence of surrounding
circumstances may be consulted” and only if, “in the light of surrounding circumstances,
the language of the contract appears to be capable of only a single meaning” is the court
to confine itself to the writing. Sun Oil Co. v. Madeley, 626 S.W.2d 726, 731 (Tex.
1981). As the court explained in Sun Oil: 
. . . [T]here must always be an association between words and external
objects, and no matter how definite a contract may appear on its face,
"words must be translated into things and facts." Thus . . . the contract in
any event had to be appraised in view of the surrounding circumstances
known to the parties at the time of its execution and these reasonably could
be looked to without violating the parol evidence rule even though the
contract were not deemed ambiguous . . ..
. . . In interpreting contracts or clauses set forth in "clear and unambiguous"
language, the courts do not confine themselves to a mere inspection of the
document. Before committing themselves, the courts carefully examine the
surrounding circumstances, prior negotiations, and all other relevant
incidents bearing on the intent of the parties . . .. 
. . . Only after a careful and painstaking search of all the factors shedding
light on the intent of the parties, only after "turning signs and symbols into
equivalent realities" will the court conclude that the language in any given
case is "clear and unambiguous."

Id. at 731 n.5 (quoting 4 Williston on Contracts § 600A, 609 (Third Ed. 1961).
         The trial court considered two contracts from the same construction project between
KCISD and its Construction Manager and between KCISD and its Architect. In both
contracts, the arbitration provision was deleted. The trial court further considered a letter
from KCISD’s legal counsel to its Architect stating that all of the language relating to
arbitration had been removed and the reasons thereto. Also admitted into evidence were
two affidavits. Ed Gant, project architect, averred that it was his experience as KCISD’s
architect that KCISD “has routinely stricken contract provisions that require the arbitration
of disputes.” Robert Lane, Assistant Superintendent of KCISD, stated the Board of
Trustees did not review the AIA Document A201/CMa at the time of signing the
Agreement and was not aware it contained an arbitration clause. The record establishes
that only the Agreement, containing Article IX, was signed by KCISD. Further, Lane
avowed that it was his experience that KCISD routinely struck arbitration provisions. 
         New Concept contends it was improper for the trial court to consider this evidence,
arguing the court was limited to the “four corners” of the contract. But as noted above,
Article IX is reasonably susceptible to more than one interpretation. Therefore, it was not
only permissible, but in this case necessary, for the trial court to consider extrinsic
evidence in order to determine the parties’ intentions as regards Article IX, i.e., did the
parties intend it to be only a forum selection clause or did they intend it to prevent New
Concept from instituting any proceeding other than a court action? As the Supreme Court
of Texas wrote in National Union Fire Insurance Co., “[e]xtrinsic evidence may, indeed,
be admissible to give the words of a contract a meaning consistent with that to which they
are reasonably susceptible, i.e., to ‘interpret’ contractual terms. If the contract language
is not fairly susceptible of more than one legal meaning or construction, however, extrinsic
evidence is inadmissible . . ..” Nat’l Union Fire Ins. 907 S.W.2d at 521. Moreover, the
Texas Supreme Court in Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266 (Tex. 1992)
expressly held “the trial court may summarily decide whether to compel arbitration on the
basis of affidavits, pleadings, discovery, and stipulations.” Id. at 269 (emphasis added).
         Article IX is susceptible to more than one legal meaning or construction. 
Therefore, the trial court did not err in considering extrinsic evidence to determine the true
intentions of the parties. In light of that evidence, it is abundantly clear Article IX was
intended to be more than a forum selection clause; as expressly stated in Article IX, to
prohibit New Concept from instituting any action or proceeding other than a court action. 
This does not render the arbitration provision meaningless, as it is within KCISD’s power
to waive its rights under Article IX and agree to arbitrate. Accordingly, the trial court did
not abuse its discretion in staying the arbitration proceedings. Therefore, I would affirm
the trial court.
 


                                                                                     DON BURGESS
                                                                                          Justice

Dissent Delivered
 October 16, 2003