Opinion filed February 2, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed February 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

                                                          No. 11-05-00247-CV 

                                                    __________

 

                               SOUTHWIND GROUP, INC., Appellant

                                                             V.

            JESSTIN
R. LANDWEHR AND JOYCE LANDWEHR, Appellees

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor
County, Texas

                                                 Trial
Court Cause No. 22,784-B

 



                                                                 _____________

                                                          No. 11-05-00324-CV

                                                     ___________

 

                                           IN RE SOUTHWIND GROUP, INC.

 



 

                                                    Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

 








Southwind Group, Inc. challenges the trial court=s order denying its motion to compel
arbitration of Jesstin R. Landwehr and Joyce Landwehr=s
breach of employment agreement claims. 
Southwind has brought an interlocutory appeal pursuant to the Texas
Arbitration Act (TAA)[1]
and a petition for writ of mandamus pursuant to the Federal Arbitration Act
(FAA).[2]  The primary issue in these proceedings is
whether Southwind waived its right to arbitrate the Landwehrs= claims.  We conclude that the TAA applies to the
employment agreement and that Southwind did not waive its right to
arbitration.  Therefore, in Cause No.
11-05-00247-CV, we reverse the trial court=s
order and remand the cause with instructions that the trial court enter an
order compelling arbitration of the Landwehrs=
claims.  Because the FAA does not apply
to the employment agreement, we deny Southwind=s
petition for writ of mandamus in Cause No. 11-05-00324-CV.    

                                                                                    Background
Facts

Southwind and Jesstin R. Landwehr entered into an
employment agreement on October 30, 2001, whereby Southwind employed Jesstin as
its director of operations.  The
employment agree-ment provided that Jesstin would work at Southwind=s offices in Abilene, Texas, and that
he would receive a base compensation of $50,000 per year, plus any commissions
earned.  The employment agreement
contained the following arbitration provision:

9.04.  Arbitration
Provisions.  Any claim or controversy
that arises out of or relates to this Agreement, or the breach of this
Agreement, shall be settled by arbitration in accordance with the rules of the
American Arbitration Association. 
Judgment upon the award rendered may be entered in any court of
competent jurisdiction.

 

The Landwehrs moved from Arkansas to Texas in
connection with Jesstin=s
employment with Southwind.  In 2002,
Jesstin left his employment with Southwind, and the Landwehrs moved back to
Arkansas.








On July 17, 2002, Southwind filed suit against the
Landwehrs seeking to recover $32,000 that it allegedly had loaned to the
Landwehrs in connection with their purchase of a home in Abilene, Texas.  Southwind also sought to establish a resulting
trust on the Landwehrs=
home.  On November 13, 2002, the
Landwehrs filed their original counterclaim alleging that Southwind had
breached its employment agreement with Jesstin. 
The Landwehrs sought to recover not only Jesstin=s
annual salary of $50,000 plus benefits for the remaining term of the agreement,
but also additional damages.

The record demonstrates that the parties exchanged
written discovery and took depositions. 
The case also received a number of trial settings.  The record also shows that the Landwehrs
moved for summary judgment on Southwind=s
claims against them, Southwind responded to their motion, and the trial court
denied the motion.

On June 1, 2005, Southwind filed its motion to
stay and compel arbitration of the Landwehrs=
claims pursuant to the TAA.  Southwind
did not seek to compel arbitration of its claims against the Landwehrs.  Southwind asserted that the Landwehrs= claims fell within the scope of the
arbitration provision in the employment agreement.  The Landwehrs filed a response to Southwind=s motion to compel arbitration.  The Landwehrs did not argue that their claims
did not fall within the scope of the arbitration provision.  Instead, they argued that Southwind had
waived its right to arbitration by its delay in seeking arbitration and by substantially
invoking the judicial process.  After a
hearing, the trial court denied Southwind=s
motion to compel arbitration.

Which Act Applies?

The employment agreement does not provide whether
the TAA or the FAA applies.  If the TAA
applies, a party must seek relief from a trial court=s
order denying a motion to compel arbitration through an interlocutory
appeal.  If the FAA applies, a party must
seek relief from the trial court=s
order through a mandamus proceeding.  In
re Educ. Mgmt. Corp., 14 S.W.3d 418, 425 (Tex. App.CHouston
[14th Dist.] 2000, orig. proceeding); Russ Berrie and Co. v. Gantt, 998
S.W.2d 713, 714-15 (Tex. App.CEl
Paso 1999, no pet.).  Southwind argues
that the TAA applies, but it has filed a petition for writ of mandamus in the
event the FAA applies.  The Landwehrs do
not assert that the FAA applies.








The FAA extends to any contract affecting
interstate commerce as far as the Commerce Clause of the United States
Constitution[3]
will reach.  In re First Merit Bank, N.A.,
52 S.W.3d 749, 754 (Tex. 2001); In re L & L Kempwood Assocs., L.P.,
9 S.W.3d 125, 127 (Tex. 1999).  The FAA
does not require a substantial effect on interstate commerce; it requires only
that commerce be involved or affected.  In
re Merrill Lynch Trust Co., 123 S.W.3d 549, 553 (Tex. App.CSan Antonio 2003, orig.
proceeding).  In this case, Jesstin
performed his employment responsibilities for Southwind in Abilene, Texas.  The record does not show that the employment
agreement, Jesstin=s
employment with Southwind, or Southwind=s
business operations in any way involved or affected interstate commerce.  Because the record does not show that the
employment agreement involved or affected interstate commerce, we conclude that
the TAA applies.  We deny Southwind=s request for mandamus relief pursuant
to the FAA.

Southwind=s
Right to Arbitrate the Landwehrs=
Claims 

A party seeking to compel arbitration must first
prove that an arbitration agreement exists and that the claims asserted fall
within the scope of the agreement.  In
re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999)(orig.
proceeding).  The law presumes the
existence of an arbitration agreement, and any doubts regarding the existence
or scope of an agreement are resolved in favor of arbitration.  In re First Merit Bank, N.A., 52
S.W.3d at 753.  Section 9.04 of the
employment agreement provided that any claims arising out of a breach of the
agreement would be settled by arbitration. 
In their counterclaim, the Landwehrs alleged that Southwind had breached
the employment agreement.  The Landwehrs= claims fall within the scope of the
arbitration agreement.  Southwind met its
burden of establishing that an arbitration agreement exists and that the
Landwehrs=s claims
fall within the scope of the agreement.

                                                      Waiver
Defense to Arbitration








If a party seeking arbitration carries its initial
burden, the burden shifts to the party resisting arbitration to present
evidence on its defenses to the arbitration agreement.  Williams Indus., Inc. v. Earth Dev.
Sys. Corp., 110 S.W.3d 131, 134 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  The
Landwehrs= sole
defense to arbitration is that Southwind waived its right to arbitrate their
claims.     The standard for determining
waiver of the right to arbitration is the same under both the TAA and the
FAA.  Brown v. Anderson, 102
S.W.3d 245, 250 (Tex. App.CBeaumont
2003, pet. denied); Sedillo v. Campbell, 5 S.W.3d 824, 826 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  Whether a party has waived its
right to arbitrate presents a question of law that we review de novo.  In re Oakwood Mobile Homes, Inc., 987
S.W.2d at 574; Williams Indus., Inc., 110 S.W.3d at 136.  Because public policy favors arbitration,
there is a strong presumption against finding that a party has waived its right
to arbitration; the burden to prove waiver is thus a heavy one.  In re Bruce Terminix Co., 988 S.W.2d
702, 704-05 (Tex. 1998)(orig. proceeding); EZ Pawn Corp. v. Mancias, 934
S.W.2d 87, 89 (Tex. 1996)(orig. proceeding). 
Any doubts regarding waiver are resolved in favor of arbitration.  In re Bruce Terminix Co., 988 S.W.2d
at 705.

Waiver may be express or implied, but it must be
intentional.  EZ Pawn Corp., 934
S.W.2d at 89; Williams Indus., Inc., 110 S.W.3d at 135.  Whether waiver occurs depends on the
individual facts and circumstances of each case.  Williams Indus., Inc., 110 S.W.3d at
135.  A party does not waive arbitration
merely by delay; instead, the party urging waiver must establish that any delay
resulted in prejudice.  Prudential
Secs., Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995).  Waiver will be found only when (1) the party
seeking arbitration has substantially invoked the judicial process and (2) the
party opposing arbitration suffers actual prejudice as a result.  In re Bruce Terminix Co., 988 S.W.2d
at 704; Williams Indus., Inc., 110 S.W.3d at 135.

Substantially Invoking the Judicial Process

The Landwehrs argue that Southwind substantially
invoked the judicial process by conducting discovery, by seeking a continuance
of the trial setting, and by asking the trial court to reset the case for
trial.  Courts will not find that a party
has waived its right to enforce an arbitration clause by merely taking part in
litigation unless it has substantially invoked the judicial process to its
opponent=s
detriment.  In re Bruce Terminix Co.,
988 S.W.2d at 704.  Substantially
invoking the judicial process may occur when the party seeking arbitration
actively tried, but failed, to achieve a satisfactory result in litigation
before turning to arbitration.  Williams
Indus., Inc., 110 S.W.3d at 135. 
Examples include moving for summary judgment or otherwise seeking a
final judicial resolution of the dispute but failing to receive a satisfactory
result.  In re Bruce Terminix Co.,
988 S.W.2d at 704; In re Winter Park Constr., Inc., 30 S.W.3d 576, 579
(Tex. App.CTexarkana
2000, orig. proceeding).  Substantially
invoking the judicial process has also been defined as taking specific and
deliberate actions after a suit has been filed that are inconsistent with the
right to arbitrate.  Sedillo, 5
S.W.3d at 827.  The Sedillo court
held that a party substantially invoked the judicial process by seeking a
discharge of claims in the bankruptcy court before seeking arbitration of the
claims.  Sedillo, 5 S.W.3d at 827.








In this case, Southwind filed suit against the Landwehrs
seeking to recover $32,000 that it allegedly had loaned to the Landwehrs in
connection with their purchase of a home. 
Neither Southwind nor the Landwehrs contend that Southwind=s affirmative claims for relief fall
within the scope of the arbitration provision. 
Southwind did not substantially invoke the judicial process by filing
suit on its nonarbitrable claims.

The Landwehrs filed their counterclaim for breach
of the employment agreement.  Southwind
did not move for summary judgment or otherwise seek a final judicial resolution
of the Landwehrs= claims
before moving the trial court to compel arbitration.  The Landwehrs filed a motion for summary
judgment on Southwind=s
claims, and Southwind responded to the motion. 
Southwind did not substantially invoke the judicial process by
responding to the Landwehrs=
motion for summary judgment for at least two reasons.  First, the Landwehrs=
motion covered Southwind=s
nonarbitrable claims.  Second, Southwind
did not file a motion for summary judgment seeking a judicial resolution of any
claims.  Southwind merely responded to
the Landwehrs= motion
for summary judgment.

A party does not substantially invoke the judicial
process merely by participating in discovery. 
In re Bruce Terminix Co., 988 S.W.2d at 704; In re Nasr,
50 S.W.3d 23, 27 (Tex. App.C
Beaumont 2001, orig. proceeding). 
However, pursuing extensive discovery may substantially invoke the
judicial process.  Nationwide of
Bryan, Inc. v. Dyer, 969 S.W.2d 518, 522 (Tex. App.CAustin
1998,  no pet.).  Southwind and the Landwehrs exchanged written
discovery and took depositions before Southwind sought to compel arbitration.  The record shows that Southwind sent the
Landwehrs a request for disclosure, a request for admissions, and two requests
for production.  The record does not
contain copies of the written discovery or the depositions.  Without copies of the discovery, the record
does not demonstrate the extent of the discovery undertaken by the parties or
the extent of discovery related to the Landwehrs=
claims.  Thus, the record does not show
that Southwind engaged in extensive discovery related to the Landwehrs= claims.

The discovery in this case is similar to the
discovery in Nasr.  The Nasr
court held that the party seeking arbitration did not substantially invoke the
judicial process by participating in discovery. In re Nasr, 50 S.W.3d at
27.  Likewise, we find that Southwind did
not substantially invoke the judicial process by participating in discovery.








Southwind moved for a continuance of a trial
setting and requested a new trial setting. 
These actions did not seek a resolution of the merits of the Landwehrs= claims.  Southwind did not try to obtain a
satisfactory result on the Landwehrs=
claims in the trial court before moving to compel arbitration.  Southwind did not substantially invoke the
judicial process.

Actual Prejudice

Even if Southwind=s
actions had substantially invoked the judicial process, the Landwehrs did not
meet their heavy burden of showing that they were prejudiced by those
actions.  In determining the prejudice
issue, courts focus on such things as (1) the movant=s
access to information that is not discoverable in arbitration and (2) the
opponent=s
incurring costs and fees due to the movant=s
actions or delay.  Williams Indus.,
Inc., 110 S.W.3d at 135.  The
Landwehrs claim that they incurred substantial litigation costs and expenses as
a result of Southwind=s
delay in moving to compel arbitration.

In Section 9.04 of the employment agreement, the
parties agreed to arbitrate under the rules of the American Arbitration
Association.  Those rules permit the
arbitrator to allow discovery.  See  In re Bruce Terminix Co., 988 S.W.2d
at 704-05; Williams Indus., Inc., 110 S.W.3d at 140.  The Landwehrs did not identify any discovery
obtained by Southwind in the trial court that Southwind would not have been entitled
to receive in arbitration.  The Landwehrs
did not present any evidence of the expenses relating to litigation of their
claims in the trial court.  The record
does not demonstrate that the Landwehrs incurred any expenses in litigating
their claims that they would not have incurred in arbitration.  The record does not establish that the
Landwehrs were prejudiced by Southwind=s
actions.

The trial court erred in denying Southwind=s motion to compel arbitration of the
Landwehrs=
claims.  We sustain Southwind=s issue in Cause No. 11-05-00247-CV.

                                                               This
Court=s Ruling

In Cause No. 11-05-00247-CV, we reverse the trial
court=s order
and remand the cause with instructions for the trial court to compel
arbitration of the Landwehrs=
claims against Southwind.  In Cause No.
11-05-00324-CV, we deny Southwind=s
petition for writ of mandamus.

 

February
2, 2006                                                                     TERRY
McCALL

Panel consists of: Wright,
C.J., and                                           JUSTICE

McCall,
J., and Strange, J.











     [1]Tex. Civ. Prac. & Rem. Code Ann. '' 171.001-.098 (Vernon 2005).





     [2]9
U.S.C. '' 1-16.





     [3]U.S. Const. art. I, ' 8, cl. 3.