In re MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, and Walter W. Brosey, Relators.

Merrill Lynch, Pierce, Fenner & Smith Incorporated, and Walter W. Brosey, Appellants

v.

Lisa K. Fox, Appellee.

No. 05–03–01314–CV.

Court of Appeals of Texas, Dallas.

April 13, 2004.

Robert Gilbreath, Jenkins & Gilchrist, P.C., Dallas, for Appellants.

Greg S. Gober, Kenneth B. Chaiken, Chaiken and Chaiken, Dallas, for Appellee.

Before Justices WHITTINGTON, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice WHITTINGTON.

In this employment case, Merrill Lynch, Pierce, Fenner & Smith Incorporated (Merrill Lynch) and Walter W. Brosey seek relief from the trial judge's August 22, 2003 order denying their motion to compel arbitration and stay proceedings. Merrill Lynch employed Lisa Fox as a financial advisor. Fox sued Merrill Lynch and Brosey for breach of contract, promissory estoppel, negligent misrepresentation, and fraud, and Brosey for assault. Fox alleged Brosey had sexually harassed her and that when she reported his actions to Merrill Lynch, the company did nothing to stop his actions and effectively terminated her. Both defendants answered and filed a motion to compel arbitration and stay proceedings. After the trial judge denied the motion, Merrill Lynch and Brosey filed (i) an interlocutory appeal of the order denying the motion to compel arbitration as permitted by the Texas Arbitration Act and (ii) a motion for leave to file a petition for writ of mandamus under the Federal Arbitration Act. In both the interlocutory appeal and the petition for writ of mandamus, Merrill Lynch and Brosey contend the trial judge abused his discretion in denying the motion to compel arbitration. We conclude the Federal Arbitration Act governs this dispute and that the trial judge did not abuse his discretion in denying the motion to compel arbitration. We therefore dismiss the interlocutory appeal as moot and deny the petition for writ of mandamus.

## BACKGROUND

On April 15, 1999, Fox signed a Form U–4, a registration form used to register securities professionals with different securities exchanges and associations. On March 14, 2003, Fox filed her original petition suing Merrill Lynch for breach of contract, promissory estoppel, negligent misrepresentation, and fraud, and Brosey for assault. In her petition, Fox alleged that beginning in early 2001, Brosey (i) announced his personal, sexual and romantic affections for her, (ii) engaged in a course of conduct including offensive physical contact, attempted sexual contact, and sexually oriented comments, (iii) attempted to insert himself into and/or control various aspects of her personal life, (iv) monitored her activities and whereabouts during and after working hours, and (v) appeared unannounced and uninvited to her home. Fox alleged she had initially confronted Brosey. When his behavior continued, Fox reported her complaints to her supervisor. Fox alleged that when her supervisor did not take any action, Fox reported her complaints to a senior executive in her office. According to Fox, the executive told her she should not complain. Fox further alleged that despite her continued efforts and attempts to have Brosey's actions stopped, Merrill Lynch employees did nothing and subsequently retaliated against her. Fox alleged she was constructively discharged by Merrill Lynch. When Fox received a consent to sue notification from the United States Equal Employment Opportunity Commission and the Texas Commission on Human Rights, she amended her pleadings to include violations of the Texas Labor Code against both Merrill Lynch and Brosey.

## FEDERAL OR STATE ARBITRATION ACT

■ Initially, we must determine whether the Federal Arbitration Act or the Tex-

as Arbitration Act governs this action. By filing an interlocutory appeal and a petition for writ of mandamus in this Court to complain about the trial judge's refusal to compel arbitration, Merrill Lynch and Brosey contend both the federal and state arbitration acts apply. In contrast, Fox argues only the federal act applies.

■■■ Under the Supremacy Clause of United States Constitution, the Federal Arbitration Act preempts all otherwise applicable state laws, including the Texas Arbitration Act. *See* U.S. Const. art. VI, cl. 2; *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 271 (Tex.1992) (orig.proceeding). The Federal Arbitration Act applies to contracts "evidencing a transaction involving commerce." 9 U.S.C.A. § 2 (1970). Whether a particular arbitration agreement is controlled by the Federal Arbitration Act is determined by whether the contract relates to interstate commerce. *See Perry v. Thomas,* 482 U.S. 483, 489, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Anglin,* 842 S.W.2d at 269–70. "The sale of securities has been held to involve interstate commerce." *In re Whitfield,* 115 S.W.3d 753, 757 (Tex.App.-Beaumont 2003, orig. proceeding) (citing *Eurocapital Group Ltd. v. Goldman Sachs & Co.,* 17 S.W.3d 426, 430 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Thomas James Assoc., Inc. v. Owens,* 1 S.W.3d 315, 319 (Tex.App.-Dallas 1999, no pet.); and *Shearson Lehman Bros., Inc. v. Kilgore,* 871 S.W.2d 925, 927–28 (Tex.App.-Corpus Christi 1994, orig. proceeding)). A Form U–4 is a "separate contract involving the sale of securities, and its arbitration clause is enforceable under the [Federal Arbitration Act]." *In re Scott,* 100 S.W.3d 575, 579 (Tex.App.-Fort Worth 2003, orig. proceeding) (citing *Williams v. Cigna Fin. Advisors, Inc.,* 56 F.3d 656, 659–60 (5th Cir. 1995)).

Because the Form U–4 is a contract involving the sale of securities and the sale of securities involves interstate commerce, we conclude the Federal Arbitration Act applies. Further, we address the issues raised in Merrill Lynch and Brosey's petition for writ of mandamus because, under the Federal Arbitration Act, they have no adequate remedy at law. *See Anglin,* 842 S.W.2d at 272–73 (holding no adequate remedy by appeal for denial of federal right to arbitrate because appeal of interlocutory order denying motion to compel arbitration under Federal Arbitration Act is not permitted by statute and purpose of arbitration is to avoid time and expense of trial and appeal). Accordingly, we dismiss the interlocutory appeal as moot.

### Arbitration

■■■ Merrill Lynch and Brosey contend the trial judge abused his discretion in denying their motion to compel arbitration. We disagree.

■■■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *In re Bass,* 113 S.W.3d 735, 738 (Tex.2003) (orig.proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). Thus, evaluating whether mandamus relief should be granted requires that we determine whether there has been a clear abuse of discretion by the trial judge and whether an adequate appellate remedy exists. *Walker,* 827 S.W.2d at 839.

Fox signed a standard Form U–4 when she became a financial advisor at Merrill Lynch. The form contains a paragraph stating "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitution, or by-laws of the organizations in item 10 as may be amended from time to time ..."

Item 10 lists the securities exchanges and associations in which Fox sought to be registered: the American Stock Exchange, the Chicago Board Options Exchange, the National Association of Securities Dealers ("NASD"), the New York Stock Exchange ("NYSE"), the Philadelphia Stock Exchange, and the Pacific Stock Exchange ("PSE").

Rule 12.1(a) of the PSE Rules of the Board of Governors states, "Any claim which is related to employment, including any sexual harassment or any discrimination claim in violation of a statute, will be eligible for submission to arbitration under this Rule only where all parties have agreed to arbitrate the claim after it has arisen." It is undisputed that (i) Fox's claims relate to employment and (ii) she did not agree to arbitrate those claims after they arose. Because the PSE rules specifically exclude Fox's claims from arbitration, we cannot conclude the trial judge abused his discretion in denying Merrill Lynch and Brosey's motion to compel arbitration.

We therefore deny the petition for writ of mandamus.