Affirmed and Memorandum Opinion filed November 9, 2004









Affirmed and Memorandum Opinion filed November 9,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00468-CV

_______________

 

CHUCK DAVIS CHEVROLET, INC., JOHN C. GNEMI, 

AND JOHN JAY DAVIS, Appellants

 

V.

 



DAVIS & DAVIS JOINT VENTURE,
Appellee

 



 

On Appeal from the 270th District Court

Harris County, Texas



Trial Court Cause No. 04‑03687

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Chuck Davis Chevrolet,
Inc., John C. Gnemi, and John Jay Davis, bring this accelerated appeal from an
interlocutory order denying their motion to compel arbitration under the Texas
Arbitration Act (ATAA@).[1]  We affirm. 








Facts and
Procedural Background

Appellant John Jay Davis (AJay@) and his brother, James Donohue
Davis (AJim@), own land leased to the Chuck Davis
Chevrolet Dealership (ADealership@).  Jay and Jim formed
a joint venture, the Davis & Davis Joint Venture (AJoint Venture@), for the purpose of managing the
income from the land leased to the dealership.

Jim sold his stock and interests in
the dealership to Dealership Acquisition Limited Partnership (ADALP@) pursuant to a purchase
agreement.  The purchase agreement
contained an arbitration clause, providing that any disputes between the
parties relating to the lease, joint venture agreement, or the purchase
agreement would be arbitrated.

When the primary lease term expired,
the parties were unable to agree on the fair market rental.  Jay, the dealership, DALP, and the Joint
Venture, A(John Jay Davis 1/2),@ filed a demand for arbitration.  Jim responded to the arbitration request and
the arbitration is currently proceeding. 
Subsequently, Jim filed suit on behalf of the Joint Venture against the
dealership, its general manager John Gnemi, and Jay, asserting various causes
of action.  Appellants filed motions to
compel arbitration under the TAA, and both parties submitted copies of the
various contracts involved as summary evidence.[2]  The trial court denied appellants= motions without explanation, and
this interlocutory appeal ensued.

Analysis

Appellants assert the trial court
erred in denying their motions to compel arbitration, arguing the Joint Venture
agreed to arbitrate any disputes between the parties.  Initially, however, we must address appellee=s contention that, because the
Federal Arbitration Act (AFAA@)[3]
applies to a dispute under the purchase agreement, and appellants filed an
interlocutory appeal rather than a writ of mandamus, we lack jurisdiction over
this appeal.








1.         Jurisdiction 

Texas appellate courts have
jurisdiction to hear appeals from final judgments and from those interlocutory
orders and judgments specifically authorized by statute.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); Qwest Communications Corp. v. AT&T Corp.,
24 S.W.3d 334, 336 (Tex. 2000). 

In Jack B. Anglin Co., Inc. v.
Tipps, the Texas Supreme Court concluded that when a trial court refuses to
enforce an arbitration agreement pursuant to the FAA, a litigant must pursue
review of that order through a writ of mandamus rather than an interlocutory
appeal.  842 S.W.2d 266, 272 (Tex.
1992).  In making this determination, the
Tipps court noted that interlocutory orders such as an order denying
arbitration may be appealed only if permitted by statute, and although the TAA
provides for interlocutory appeals of orders denying arbitration filed pursuant
to the TAA, the statute does not provide for appeal of an order denying
arbitration under the FAA.[4]  Id. at 272.  Consequently, the Tipps court
concluded, Alitigants who allege entitlement to
arbitration under the [FAA], and in the alternative, under the [TAA], are
burdened with the need to pursue parallel proceedingsCan interlocutory appeal of the trial
court=s denial under the [TAA], and a writ
of mandamus from the denial under the [FAA].@ 
Id.[5]  However, in Tipps, the litigant
sought arbitration pursuant to the FAA and, in the alternative, the TAA.  Id. at 267.  This case is procedurally distinct from Tipps
and from many cases decided relying on that case.  








Here, appellants did not allege
entitlement to arbitration under the FAA. Appellants sought to compel
arbitration pursuant to section 171.021 of the TAA.  Appellants also did not pursue parallel
proceedings in this court; they filed only this interlocutory appeal.  An interlocutory appeal of an order denying
arbitration under the TAA is expressly permitted under section 171.098 of that
statute.  Therefore, to the extent
appellants pursued appeal of the trial court=s order denying arbitration under the
TAA, we are authorized to entertain this interlocutory appeal.  See Tex.
Civ. Prac. & Rem. Code ' 171.098.  We turn to the trial court=s order.   

2.         Denying
Arbitration under the TAA

Appellants moved to compel
arbitration under the TAA.  The trial
court=s order denies appellants= motions to compel without
explanation.  Because we conclude that
the FAA applies to a dispute under the purchase agreement and appellants sought
to compel arbitration only under the TAA, we affirm the trial court=s ruling.  

The FAA applies to suits in state and
federal courts when the dispute concerns a Acontract evidencing a transaction
involving commerce.@  Tipps, 842
S.W.2d at 270B71; see also 9 U.S.C. ' 2 (1999).  The Supreme Court has held that Ainvolving commerce@ should be construed broadly to
include any contract Aaffecting commerce@ and extending as far as the Commerce
Clause.  Allied-Bruce Terminix Co. v.
Dobson, 513 U.S. 265, 268, 273B77 (1995); see also In re L &
L Kempwood Assocs., L.P., 9 S.W.3d 125, 127 (Tex. 1999); 9 U.S.C. ' 1 (stating Acommerce@ means commerce Aamong the several States@). 
Commerce need only be involved or affected, a substantial effect on
interstate commerce is not required.  In
re Educ. Mgmt Corp., Inc., 14 S.W.3d 418, 423 (Tex. App.CHouston [14th Dist.] 2000, orig.
proceeding).  A[I]f some, but not all, aspects of a
transaction affect interstate commerce, the FAA applies.@ 
Id. 








In this case, the purchase agreement
directly evidences that the FAA applies. 
First, when an agreement references both the FAA and the TAA, as the
purchase agreement does, the FAA prevails. 
EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex.
1996).  Indeed, for the FAA not to apply,
an agreement must specifically exclude application of that statute.  In re L & L Kempwood, 9 S.W.3d at
127B28. 
The purchase agreement also involves a sale of stock, and the sale of
securities is construed as involving interstate commerce.  See In re Merrill Lynch, Pierce, Fenner
& Smith Inc., 131 S.W.3d 709, 712 (Tex. App.CDallas 2004, no pet.); Eurocapital
Group, Ltd. v. Goldman Sachs & Co., 17 S.W.3d 426, 430 (Tex. App.CHouston [1st Dist.] 2000, no
pet.).  In the purchase agreement the
parties acknowledge that consummation of the transaction is contingent on the
approval of General Motors Corporation. 
This is another indication that the agreement involves interstate
commerce.  See In re Nasr, 50
S.W.3d 23, 25B26 (Tex. App.CBeaumont 2001, orig. proceeding)
(finding mention of WalMart in discovery documents indicated interstate
commerce was involved).  Finally, the
record reflects that the dealership is a Delaware corporation, evidencing
diversity between the parties.  See,
e.g., Allied‑Bruce, 513 U.S. at 282 (considering the fact that
parties resided in different states as a factor in applying the FAA); In re
L & L Kempwood, 9 S.W.3d at 127 (noting that parties to the contract
resided in different states and therefore, it was one involving interstate
commerce); Transcore Holdings, Inc. v. Rayner, 104 S.W.3d 317, 320 (Tex.
App.CDallas 2003, pet. denied) (finding
FAA applied because case involved a Delaware corporation that purchased all of
the stock of a Texas corporation, the stockholders were Texas residents, and
the parties to the agreement were located in three separate states). 

If there is doubt whether the FAA or
the TAA applies to a dispute, litigants have been advised to pursue both
avenues of relief.  See Tipps, 842
S.W.2d at 272.  Nevertheless, appellants
pursued relief only under the Texas statute. 
Because the record evidences that the FAA applies to the arbitration
provision in the purchase agreement, we cannot conclude that the trial court erred
in denying appellants= motions to compel arbitration under the TAA.  Moreover, we cannot consider the issues
presented by appellants= motions to compel arbitration under the FAA.[6]   See Tex.
R. App. P. 33.1. 








Accordingly, the trial court=s judgment is affirmed. 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed November 9,
2004.

Panel consists of Justices Yates, Edelman, and Guzman. 

 

 











[1]  See Tex. Civ. Prac. & Rem. Code Ann. '' 171.001B.098.
(Vernon 1997).  





[2]  A trial court
may summarily determine whether to compel arbitration based on pleadings,
affidavits, and discovery.  Jack B.
Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992).   





[3]  See 9
U.S.C.A. '' 1B16 (1999).    





[4]  The TAA
provides, in part, that a party may appeal an order Adenying an application to compel arbitration made
under Section 171.021.@  Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1) (Vernon Supp. 2002).





[5]  Prior to Tipps,
the courts of appeals had permitted appeal under the TAA, and mandamus or
appeal under the FAA.  842 S.W.2d at 272
n.11. 





[6]  Appellants
have requested we construe their appeal as a mandamus.  We decline to do so because the two are
distinct legal mechanisms, and because of appellants= failure to request arbitration under the FAA in the
trial court.