In re CITIGROUP GLOBAL MARKETS, INC., Citigroup, Inc., and Stacy Oelsen, Relators.

No. 05–05–01430–CV.

Court of Appeals of Texas, Dallas.

Sept. 26, 2006.

Rehearing Overruled Sept. 26, 2006.

James W. Bowen, Jenkens & Gilchrist, P.C., Dallas, for Appellant.

Richard A. Sayles, Sayles, Lidji & Werbner, Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and MAZZANT.

## OPINION ON MOTION FOR REHEARING

Opinion by Justice O'NEILL.

We withdraw this Court's opinion dated June 28, 2006 and vacate the judgment of that date. Citigroup Global Markets, Inc., Citigroup Inc., and Stacy Oelsen (collectively "CGM") filed a motion for rehearing. In its motion, CGM contends, among other things, that the Court must address whether CGM is entitled to relief under the Texas Arbitration Act (TAA). We overrule CGM's motion for rehearing. However, we write to address CGM's contention with respect to the TAA.

By way of petition for writ of mandamus and interlocutory appeal, CGM appeals from the trial court's order denying its motion to compel arbitration. By order dated January 3, 2006, the Court consolidated the two proceedings. In a single point of error, CGM contends the trial court abused its discretion in denying its motion to compel arbitration. We overrule CGM's point of error, deny its petition for writ of mandamus, and dismiss the interlocutory appeal.

## Factual Background

Robert A. and Natalie Bert Nickell each had accounts with CGM, formerly known as Salomon Smith Barney, Inc. In connection with their accounts, the Nickells signed agreements containing arbitration clauses. Based on research reports issued by a CGM analyst, the Nickells invested a substantial amount of money in WorldCom Inc. in 2000 and 2001. Subsequently, WorldCom filed for bankruptcy.

On April 23, 2004, the Nickells filed a lawsuit against CGM alleging claims for fraud, breach of fiduciary duty, negligence, gross negligence, negligent misrepresentation, and violations of the Texas Securities Act. At the time the Nickells filed their lawsuit, WorldCom had emerged from bankruptcy. On July 9, 2004, CGM removed the case to the United States District Court for the Northern District of

Texas on the ground that it was related to the WorldCom bankruptcy proceedings. The Nickells filed a motion to remand the case back to state court on August 9, 2004. CGM then moved to transfer the case to the United States District Court for the Southern District of New York to the multidistrict litigation court. CGM filed a letter with the Judicial Panel on Multidistrict Litigation (JPML) requesting that this case be treated as a "tag-along" action to the multidistrict litigation proceedings involving WorldCom. The JPML granted CGM's request and issued a final transfer order on December 6, 2004.

In the MDL court, the Nickells responded to the MDL court's order to show cause why certain remand opinions do not require denying the Nickells' motion to remand for lack of subject matter jurisdiction. The MDL court requested CGM to also file a response to the remand issue. Instead of filing a response to show remand was improper, CGM filed an agreed order stipulating to a remand back to state court. On February 14, 2005, the New York federal court signed the agreed remand order.

Once back in state court, CGM filed a motion to compel arbitration under both the FAA and TAA. Following a hearing, the trial court denied the motion. CGM filed a petition for writ of mandamus and an interlocutory appeal of the denial of its motion to compel arbitration. We consolidated the two proceedings into one cause number and now consider the propriety of each proceeding.

## Procedural Background

■■■ Initially, we must decide whether this case is properly before us by way of petition for writ of mandamus, interlocutory appeal, or both. The supreme court has instructed appellate courts that when, as here, a parallel mandamus proceeding and an interlocutory appeal are brought under the Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA), we should consolidate the two proceedings and consider them together. *In re Valero Energy Corp.*, 968 S.W.2d 916, 916–17 (Tex.1998) (orig. proceeding).[1] When a request to arbitrate under the FAA is denied, the appellate remedy is through mandamus. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). In contrast, review of denial of a motion to compel arbitration under the TAA is by way of interlocutory appeal. *Id.*

■■■ The FAA governs disputes that concern a contract evidencing a transaction involving interstate commerce. *Tipps*, 842 S.W.2d at 269–70. The contract in this case involved the sale of securities and interstate commerce. Accordingly, the FAA applies to this case. The FAA, however, does not necessarily preempt the TAA. *See In re D. Wilson Const. Co.*, 196 S.W.3d 774, 779 (Tex.2006) (orig. proceeding). In the circumstances of this case, however, it is not necessary to determine whether the FAA preempts the

---

1. In *Valero,* the relator filed a petition for writ of mandamus and interlocutory appeal from the denial of its motion to compel arbitration under both the FAA and TAA. *Valero,* 968 S.W.2d at 916. The court of appeals denied the petition for writ of mandamus but stayed the trial court proceedings pending consideration of the interlocutory appeal. While the interlocutory appeal was pending in the court of appeals, the relator filed a petition for writ of mandamus in the supreme court. Recognizing that the court of appeals's resolution of the interlocutory appeal might render the mandamus petition moot, the supreme court dismissed the petition for writ of mandamus. *Id.* at 917. Instructing courts of appeals to consolidate the dual proceedings in these circumstances merely saves judicial resources. *Id.*

TAA. For the following reasons, we conclude the TAA does not apply to this case.

A choice of law provision in a contract may render the TAA inapplicable. *See In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 551 (Tex.2002). In that case, J.D. Edwards entered into an agreement with Doskocil Manufacturing Co. Their agreement contained an arbitration clause and a choice of law provision that provided that Colorado law would govern the parties' agreement. *Id.* at 548. Doskocil filed a lawsuit and J.D. Edwards filed a motion to compel arbitration pursuant to the FAA. When the trial court denied its motion in part, J.D. Edwards sought mandamus relief. Doskocil argued that the TAA applied and that the proper remedy was by way of interlocutory appeal. The supreme court disagreed. The court held that where the parties provide in their contract that another state's substantive law will apply to their agreement, there is no contractual or legal basis to invoke the TAA. *Id.* at 551.

*J.D. Edwards* is applicable to the facts of this case. The agreements signed by the Nickells and CGM provided that New York law governed their agreements. CGM sought arbitration pursuant to both the FAA and TAA. CGM never sought arbitration under New York law. The parties agreed that New York law would govern any dispute arising from their agreements. Thus, there is no contractual or legal basis for applying the TAA to the facts of this case. *See J.D. Edwards*, 87 S.W.3d at 551. Accordingly, we dismiss CGM's interlocutory appeal.

## Standard of Review

■ We review a petition for writ of mandamus under a clear abuse of discretion standard. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A clear abuse of discretion occurs when the trial court errs in analyzing or applying the law to the facts or when the trial court has but one reasonable decision and does not make that decision. *Id.* at 840. Mandamus is appropriate only when the relator has no adequate remedy on appeal. *Id.*

## Waiver of Right to Arbitrate

In its sole point of error, CGM contends the trial court erred in denying its motion to compel arbitration. In their response to CGM's motion to compel, the Nickells alleged that CGM waived its right to arbitration by removing the case to federal court and then transferring it to the MDL court.

■ The issue of arbitrability under the FAA is a matter of federal substantive law. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402–05, 87 S.Ct. 1801, 18 L.Ed.2d 1270, (1967); *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497 n. 4 (5th Cir.1986) (rejecting the appellee's citation to Texas law on the issue of whether it had waived the right to compel arbitration). Therefore, federal law comprising generally accepted principles of contract law controls the question of arbitrability.

■ Waiver is the intentional relinquishment of a known right or conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003) (per curiam). Like any other contract right, the right to arbitrate can be waived. *Miller Brewing Co.*, 781 F.2d at 497. Waiver may be express or implied. A party may waive its right to arbitration by expressly indicating that it wishes to resolve the case in a judicial forum. *In re Currency Conversion Fee Antitrust Litigation*, 361 F.Supp.2d 237, 257 (S.D.N.Y. 2005). Alternatively, a party may waive its right to arbitrate by taking an action inconsistent with that right to the opposing

party's prejudice. *Miller Brewing Co.,* 781 F.2d at 497.

 Delay in filing a motion to compel arbitration, without more does not ordinarily result in waiver of a party's right to arbitrate. *Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108, 112 (2nd Cir.1987), *overruled on other grounds by McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.,* 849 F.2d 761, 765 (2nd Cir.1988). However, "[a] party to arbitration does not have a right to the pre-trial discovery procedures that are used in a case at law." *Miller Brewing Co.,* 781 F.2d at 498. An attempt to go to the merits and still retain the right to arbitration is clearly impermissible. *Id.; Graig Shipping Co. v. Midland Overseas Shipping Corp.,* 259 F.Supp. 929, 931 (S.D.N.Y.1966).

 The Nickells contend CGM repeatedly stated its intention to pursue this case in a judicial forum. By making express statements of its desire for a judicial forum, the Nickells contend, CGM expressly waived its right to arbitration. We agree.

CGM sent a letter to the JPML requesting that this case be transferred to the MDL court as a "tag-along" action to the WorldCom litigation. In the letter, counsel for CGM made the following statements:

The claims asserted in this action are also substantively identical to fraud claims asserted against the Citigroup Defendants in the Corrected First Amended Class Action complaint in *In re WorldCom, Inc. Securities Litigation,* in which Judge Cote has supervised thirteen months of fact discovery.

As the MDL Panel has found, centralization of WorldCom-related actions in the Southern District of New York "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."

The focus of these statements is litigation. CGM requested the JPML to transfer the case for purposes of litigation only, not arbitration. In this letter, CGM expressed to the JPML its desire to *litigate* this case.

In its motion to stay proceedings pending an order on its motion to transfer to the MDL court, CGM stated "[t]here is almost complete overlap in the parties and witnesses who would be required to engage in document production and depositions during pre-trial discovery." "Consolidation of pretrial proceedings will prevent an enormous duplication of discovery, waste of judicial resources, and inconsistent rulings that would inevitably follow were each action to proceed separately." Again, the focus was litigation. Arbitration does not involve judicial resources.

In its reply to the Nickells' response to the motion to stay proceedings pending an order on its motion to transfer to the MDL court, CGM stated, "given the amount of discovery taken in the MDL Proceeding, the parties to this case could much *more rapidly prepare this case for trial* in the MDL Proceeding." (emphasis added). "A transfer will streamline pre-trial matters, avoid duplication, conserve resources, and hurry the case towards trial." CGM again expressed its intent to litigate and prepare the case for trial.

CGM also stated in its brief in opposition to the Nickells' motion to remand that it "merely wish[es] to see this action *adjudicated* in the most efficient and logical location." (emphasis added.) "By proceeding in the consolidated actions in the MDL Court, Plaintiffs will have the benefit of discovery, other litigation material generated by plaintiffs who have more at stake than they do, and the fact that those proceedings are rapidly moving forward." Here again, CGM's statements emphasized

litigation. "Adjudicate" means to rule upon judicially. BLACK'S LAW DICTIONARY 45 (8th ed.2004).

Finally, CGM filed a memorandum of law in opposition to the Nickells' request to vacate the transfer order. CGM stated in the memorandum that "the judges of the Southern District of New York definitely decided that, for purposes of pretrial proceedings, WorldCom analyst research claims against the Citigroup Defendants will be litigated in the WorldCom Consolidated Proceeding before the MDL Court." This cases involves a WorldCom analyst research claim.

Where a party chooses a judicial forum, he waives his right to arbitration. In *Gilmore,* the court held that the defendant expressly waived its right to arbitrate by filing a motion to compel arbitration and subsequently withdrawing the motion. *Gilmore,* 811 F.2d at 112. The defendant in *Gilmore* demonstrated its desire to resolve the dispute in a judicial forum by withdrawing its motion to compel arbitration. Like the defendant in *Gilmore,* CGM also chose to resolve the dispute in a judicial forum. CGM demonstrated its choice for a judicial forum through the arguments made in its removal and transfer motions.

In *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388 (7th Cir.1995), Kraftmaid removed the case to federal court instead of moving for arbitration. "By doing so without at the same time asking the district court for an order to arbitrate, [Kraftmaid] manifested an intention to resolve the dispute through the processes of the federal court." *Id.* at 390. "Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election against arbitration." *Id.* at 391.

Instead of promptly moving for arbitration, CGM first removed the case to federal court and then sought transfer to the MDL court for purposes of adjudicating the case.

CGM relies upon several cases to support its contention that removal alone does not waive a party's right to arbitration. While we agree with CGM's contention, we disagree that the cases relied upon are applicable to the facts of this case. CGM's cases all involve implied waiver based upon conduct. In *Walker v. J.C. Bradford & Co.,* 938 F.2d 575 (5th Cir.1991), J.C. Bradford & Co. filed a motion to compel arbitration after engaging in limited discovery. *Id.* at 576. The court held that such limited court activity did not constitute waiver of the defendant's right to arbitrate. *Id.* at 577. Unlike this case, *Walker* does not contain any statements by the defendant expressing its intent to pursue the case in a judicial forum. The *Walker* court noted that courts "do not look kindly upon parties who use federal courts to advance their causes and then seek to finish their suits in the alternate fora that they could have proceeded to immediately." *Id.* at 577.

In *Williams v. Cigna Financial Advisors, Inc.,* 56 F.3d 656, 661–62 (5th Cir. 1995), the defendant removed the case to federal court, answered the complaint, filed a counterclaim, and engaged in limited discovery. *Id.* at 661. Cigna filed a motion to compel arbitration as soon as it discovered that the case was subject to arbitration. *Id.* at 661–62. Unlike CGM in this case, Cigna was unaware that the case was arbitrable until after it had removed the case to federal court, answered the lawsuit, and engaged in limited discovery.

*In re Winter Park Const., Inc.,* 30 S.W.3d 576 (Tex.App.-Texarkana 2000, orig. proceeding) is also distinguishable.

The plaintiff filed suit in state court. Winter Park filed a motion to abate the case to allow for arbitration. *Id.* at 578. Before the trial court ruled, Winter Park removed the case to federal court. The federal court remanded the case back to state court. Winter Park then unilaterally pursued arbitration. *Id.* The trial court issued a temporary injunction prohibiting Winter Park from proceeding with the arbitration. The supreme court held that Winter Park did not waive its right to arbitration. *Id.* at 579. Unlike CGM, however, Winter Park asserted its right to arbitration from the beginning and never stated its intent to pursue the case in a judicial forum.

CGM also relies on *In re Koch Indus., Inc.*, 49 S.W.3d 439 (Tex.App.-San Antonio 2001, orig. proceeding). In that case, Koch Industries removed the case to federal court, filed an answer and counterclaim, and participated in discovery. Koch's counterclaim related to the existence of the arbitration agreement. *Id.* at 446. The discovery was limited to the non-arbitrable issue of diversity jurisdiction. In contrast to the facts in our case, Koch did not make statements expressing a choice to pursue the litigation in a judicial forum.

Although removal related conduct alone does not constitute waiver, removal for the stated purpose of pursuing litigation does constitute waiver. We hold that CGM expressly waived its right to arbitration by seeking to litigate the case in the MDL court, a judicial forum. In so holding, we rely not solely upon CGM's act of removing the case to federal court and then transferring it to the MDL court, but primarily upon its written explanations for the removal and transfer. CGM expressly stated its desire to pursue the case in a judicial forum. We conclude the trial court did not abuse its discretion in denying CGM's motion to compel arbitration. We overrule CGM's sole point of error.

## Conclusion

We deny CGM's petition for writ of mandamus. We dismiss CGM's interlocutory appeal.