In re WACHOVIA SECURITIES, LLC, Relator.

Wachovia Securities, LLC, Appellant,

v.

Jeffrey H. Mims, Trustee for the Bankruptcy Estate of Dennis Serio, Appellee.

No. 05–08–01029–CV.

Court of Appeals of Texas, Dallas.

May 3, 2010.

William Ross Forbes Jr., Jackson Walker, L.L.P., Dallas, TX, for Appellant.

Gary J. Cruciani, McKool Smith, PC, Jason Fulton, Eric David Madden, Diamond McCarthy LLP, Dallas, TX, for Appellee.

Before Justices FITZGERALD, MURPHY, and THOMAS.[1]

## OPINION

Opinion By Justice FITZGERALD.

In this consolidated proceeding, Wachovia Securities, LLC brings a petition for writ of mandamus and an interlocutory appeal complaining of the trial court's order denying its motion to compel arbitration and ordering it to dismiss certain claims in an arbitration already in progress. We conditionally grant the petition for writ of mandamus and dismiss the interlocutory appeal.

### I. BACKGROUND

#### A. Facts

Dennis Serio took a job with Wachovia Securities as a financial advisor. He be-

---

1. The Honorable Linda Thomas, Chief Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

gan his employment with Wachovia Securities in September 2006. According to a written summary regarding Serio's new position, part of his compensation was to be a $285,000 loan that would gradually be forgiven over time if his employment lasted at least one year. Serio signed the written summary at the end, under the words "ACCEPTANCE OF OFFER OF EMPLOYMENT." He also signed a promissory note in the amount of $285,000, payable to "Wachovia Corporation ('Wachovia'), its affiliates, successors or assigns." The record shows that Wachovia Corporation, not Wachovia Securities, actually made the loan to Serio. Wachovia Securities asserts, and Serio does not dispute, that Wachovia Corporation is a parent company to Wachovia Securities. The note recites that termination of Serio's employment with "Wachovia" would cause any unpaid and unforgiven balance owed on the forgivable loan to become immediately due and payable.

In connection with accepting employment with Wachovia Securities, Serio signed a "Form U4 Uniform Application for Securities Industry Registration or Transfer." That form contains an arbitration clause:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm*, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction.*

(Emphases in original.) One of the SROs [2] listed in section 4 of the form is the NASD. The NASD Code of Arbitration Procedure

for Industry Disputes contains the following arbitration provision:

> Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
>
> Members;
>
> Members and Associated Persons; or
>
> Associated Persons.

The proper application of this arbitration provision is the issue at the heart of this case.

Serio's employment with Wachovia Securities ended on August 3, 2007. That same day, Wachovia Securities sent Serio a letter demanding repayment of the loan.

## B. Procedural history

In September 2007, Serio filed this lawsuit against Wachovia Securities and Wachovia Corporation. He alleged that they induced him to leave his previous job and join Wachovia Securities by means of fraudulent or negligent misrepresentations. He also sought a declaratory judgment that the defendants' misrepresentations and omissions excused him from his obligation to pay the promissory note. Wachovia Securities and Wachovia Corporation joined in a single motion to compel arbitration of Serio's claims and to stay the lawsuit pending arbitration. On November 8, 2007, the trial judge signed an order staying the case pending arbitration.

On November 20, 2007, Wachovia Corporation executed a document assigning its interest in the promissory note to Wachovia Securities. On or about November 27, 2007, Wachovia Securities commenced an arbitration proceeding against Serio before

---

**2.** "SRO" is an acronym for "self-regulating organization." *MFS Sec. Corp. v. N.Y. Stock* *Exch., Inc.,* 277 F.3d 613, 617 n. 4 (2d Cir. 2002).

the Financial Industry Regulatory Authority. In its statement of claim, Wachovia Securities demanded payment under the terms of the promissory note that Serio had signed. In December 2007, Serio filed his own separate arbitration proceeding against Wachovia Securities and Wachovia Corporation for fraud, negligent misrepresentation, and declaratory relief.

In January 2008, Serio filed an answer and motion to dismiss in Wachovia Securities' arbitration, arguing that Wachovia Securities' claim on the promissory note was not subject to arbitration. In February 2008, Serio returned to the trial court and filed a motion to lift the stay of the litigation as to Wachovia Corporation and to stay the arbitration proceeding commenced by Wachovia Securities. The trial court denied Serio's motion to lift the stay of the litigation as to Wachovia Corporation, but it granted a stay of Wachovia Securities' arbitration proceeding and permitted the parties to file further briefing as to whether that stay should be continued. Wachovia Securities then filed a second motion to compel arbitration based on both the Federal Arbitration Act and the Texas General Arbitration Act. Serio responded. After a hearing, the trial judge signed an order denying Wachovia Securities' motion to compel arbitration and ordering Wachovia Securities to dismiss any arbitration claim based on the loan to Serio.

Wachovia Securities filed a notice of accelerated appeal under section 171.098 of the Texas Civil Practice and Remedies Code and also filed a petition for writ of mandamus. We consolidated the two proceedings and substituted Jeffrey H. Mims, Trustee for the bankruptcy estate of Dennis Serio, as the appellee in this matter after briefing had been completed.

## II. JURISDICTION AND STANDARD OF REVIEW

Our first inquiry is whether we should consider this case as a mandamus or an interlocutory appeal. When a dispute is governed by the Federal Arbitration Act, we review the trial court's denial of a motion to compel arbitration by mandamus.[3] *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 779 (Tex.2006). We have interlocutory appellate jurisdiction when a trial court denies an application to compel arbitration under section 171.021 of the Texas General Arbitration Act. TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a) (Vernon 2005). If both the FAA and the TAA apply, then we possess concurrent interlocutory appellate jurisdiction and mandamus jurisdiction. *In re D. Wilson Constr. Co.*, 196 S.W.3d at 779–80.

The FAA applies if a dispute concerns a contract evidencing a transaction involving interstate commerce. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex. 1992); *see also* 9 U.S.C. § 2. We have held that the Form U4 is a contract involving interstate commerce because it relates to the sale of securities. *In re Merrill Lynch, Pierce, Fenner & Smith Inc.*, 131 S.W.3d 709, 712 (Tex.App.-Dallas 2004, orig. proceeding). Moreover, the parties agree that the FAA applies to this arbitration agreement. We conclude that the FAA applies and address Wachovia Securities' petition for writ of mandamus.

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *Zuffa, LLC v. HDNet MMA 2008 LLC*, 262

---

**3.** Because Wachovia Securities commenced these appellate proceedings before September 1, 2009, new section 51.016 of the civil practice and remedies code expanding our appel-

late jurisdiction is not applicable in this case. *See In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 394–95 n. 4 (Tex.App.-Dallas 2009, pet. denied).

S.W.3d 446, 449 (Tex.App.-Dallas 2008, no pet.). Under the FAA, mandamus relief is appropriate if the trial court abused its discretion by failing to compel arbitration. *Id.*

### III. ANALYSIS OF THE MERITS

#### A. Issues presented

In its first two issues, Wachovia Securities argues that the claims in question are within the scope of the arbitration provisions of the NASD Code of Arbitration Procedure for Industry Disputes, and therefore the trial court erred by denying Wachovia Securities' motion to compel arbitration and ordering Wachovia Securities to dismiss its claims in arbitration. In its third issue, Wachovia Securities argues that Serio waived his right to contest the arbitrability of the claims.

#### B. Arbitrability

■ The question presented by Wachovia Securities in its first two issues is whether its claim against Serio on the promissory note comes within the scope of a valid arbitration agreement. A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration agreement and (2) the claims raised fall within the scope of that agreement. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex.2005). Serio does not dispute that his Form U4 and the arbitration provision in the NASD Code of Arbitration Procedure for Industry Disputes collectively amount to a valid arbitration agreement between him and Wachovia Securities. Thus, our inquiry is whether Wachovia Securities' claim against Serio is arbitrable under that agreement.

■ Disputes regarding the interpretation of an arbitration agreement are analyzed under traditional principles of contract construction. *In re Hawthorne Townhomes, L.P.*, 282 S.W.3d 131, 138 (Tex.App.-Dallas 2009, orig. proceeding); *Jenkens & Gilchrist v. Riggs*, 87 S.W.3d 198, 201 (Tex.App.-Dallas 2002, no pet.). Thus, we examine the language of the arbitration clause in context and give the language its plain grammatical meaning. *Jenkens & Gilchrist*, 87 S.W.3d at 201. We resolve doubts about the scope of an arbitration agreement in favor of arbitration because there is a presumption favoring agreements to arbitrate. *In re Kellogg Brown & Root*, 166 S.W.3d at 737; *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 195 S.W.3d 807, 813 (Tex.App.-Dallas 2006, orig. proceeding). Said another way, arbitration should not be denied unless it can be said with positive assurance that the arbitration clause cannot be interpreted so as to encompass the dispute in question. *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 516 (Tex.2006) (per curiam); *accord Graham–Rutledge & Co. v. Nadia Corp.*, 281 S.W.3d 683, 691 (Tex.App.-Dallas 2009, no pet.).

As relevant to this case, the arbitration provision in the NASD rules provides that a dispute must be arbitrated if two elements are met: (1) the dispute must "arise[ ] out of the business activities of a member or an associated person," and (2) the dispute must be "between or among" members and associated persons. Wachovia Securities asserts, and Serio does not dispute, that Wachovia Securities is a "member" and Serio is an "associated person" within the meaning of the NASD rules. We consider each element in turn.

#### 1. Whether the dispute arises out of Wachovia Securities' "business activities"

■ As to the first element required by the arbitration clause, Wachovia Securities contends that its claim against Serio on the Promissory Note arises out of Wachovia Securities' business activities. The record

shows that the loan memorialized by the Note was extended to Serio as part of his compensation for going to work for Wachovia Securities as a financial advisor, and that the loan would be forgiven over time as Serio worked for Wachovia Securities. Serio does not argue that the activities of hiring and compensating employees are not "business activities" by Wachovia Securities. We conclude that the plain meaning of the phrase "business activities" encompasses the hiring and compensating of employees. *See In re NEXT Fin. Group, Inc.,* 271 S.W.3d 263, 268 (Tex. 2008) (per curiam) (concluding that claims related to employment arise out of the employer's "business activities"). Because the loan to Serio was related to his hiring and compensation by Wachovia Securities, we hold that Wachovia Securities' claim on the Promissory Note arises out of Wachovia Securities' "business activities."

### 2. Whether the dispute is "between" Serio and Wachovia Securities

■ As to the second element required by the arbitration clause, Wachovia Securities argues that its claim against Serio on the Promissory Note plainly qualifies as a dispute "between" a member (Wachovia Securities) and an associated person (Serio). Serio disputes this contention, relying heavily on the proposition that a party who receives an assignment of contract rights enjoys no greater rights than the assignor. *See, e.g., Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.,* 247 F.3d 44, 60 (3d Cir.2001). Serio points out that the Promissory Note contains no arbitration clause and that Wachovia Corporation would not have been able to compel him to arbitrate under the terms of the Note. He thus argues that Wachovia Securities cannot effectively expand the rights of its assignor, Wachovia Corporation, by importing an arbitration clause from its separate contract with Serio into the Note. In

sum, Serio's view is that this dispute is actually and only "between" him and Wachovia Corporation, not between him and Wachovia Securities, and Wachovia Securities cannot compel arbitration where its assignor, Wachovia Corporation, would not be able to do so.

We reject Serio's argument and conclude that the second element is satisfied. "Between" means "involving as participants." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 209 (1981). On its face, Wachovia Securities' claim against Serio on the Note is a dispute "between" a member and an associated person. Although Serio is correct that Wachovia Securities' rights under the assigned Note are no greater than Wachovia Corporation's rights, Wachovia Securities also enjoys additional rights by virtue of its independent contract with Serio. Compelling him to arbitrate merely enforces Wachovia Securities' rights under its own separate contract with Serio; it does not "expand" Wachovia Securities' rights under the Note. Under that separate employment contract, Wachovia Securities is entitled to compel arbitration of any dispute between it and Serio that arises out of the "business activities" of either party. The arbitration clause does not specifically exclude disputes that are based on rights acquired by assignment, and the clause can reasonably be read to encompass such disputes as long as they arise out of the necessary "business activities." Moreover, this dispute is not a random controversy unrelated to Serio's relationship with Wachovia Securities. Rather, it arises directly from that relationship. Because the arbitration provision can reasonably be read to encompass this dispute, even to the extent Wachovia Securities' rights are based on an assignment, we construe it to require arbitration of Wachovia Securities' Note

claim. *See In re Kellogg Brown & Root,* 166 S.W.3d at 737 ("Doubts regarding an agreement's scope are resolved in favor of arbitration[.]") (emphasis omitted).

The cases relied on by Serio are distinguishable. In the *Medtronic* case cited above, two companies called ACS and AVE were embroiled in patent-infringement litigation. 247 F.3d at 50. During the course of that litigation, AVE purchased certain assets from a third party named Bard, and Bard assigned two Bard–ACS contracts to AVE. *Id.* Those assigned contracts contained arbitration clauses applicable to disputes "concerning" rights and liabilities under those contracts. *Id.* at 49, 50. After the assignment, ACS tried to compel AVE to arbitrate their pending patent disputes. *Id.* at 50. The district court refused to compel arbitration, and the Third Circuit affirmed, concluding that the claims AVE was already pressing against ACS did not concern the Bard–ACS contracts and thus did not come within the scope of the Bard–ACS arbitration clauses. *See id.* at 55–61. The arbitration clauses and claims in the *Medtronic* case are too different from those presented in this case for *Medtronic* to be helpful. The questions presented in this case are whether Wachovia Securities' claim on the Note arises out of its "business activities" and whether its claim is "between" it and Serio. *Medtronic* does not answer these questions.

The other case heavily relied upon by Serio is *In re Merrill Lynch Trust Co. FSB,* 235 S.W.3d 185 (Tex.2007). In that case, Mr. and Mrs. Alaniz had separate contracts with three different Merrill Lynch companies, and only one contract contained an arbitration clause. *Id.* at 188. The Alanizes then sued Merrill Lynch Trust Company and Merrill Life Insurance Company, neither of which had an arbitration clause in its contract with the Alanizes. *Id.* The companies sought to compel arbitration, which the trial court denied. *Id.* The supreme court denied mandamus relief, holding that the trust company and the insurance company could not rely on the arbitration clause in the Alanizes' contract with their legally separate corporate affiliate. *Id.* at 191. *In re Merrill Lynch* might be on point if Wachovia Corporation were trying to enforce the arbitration clause incorporated in the U4 form, because the U4 form refers only to Wachovia Securities. But in this case, the party seeking to compel arbitration—Wachovia Securities—is also a party to the arbitration agreement. Accordingly, *In re Merrill Lynch* is not applicable.

Serio insists that *In re Merrill Lynch* supports the denial of arbitration because the dispute Wachovia Securities seeks to arbitrate is really "between" him and Wachovia Corporation. We cannot agree. In this proceeding, we cannot inquire into the validity of Wachovia Corporation's assignment of the Note to Wachovia Securities. *See Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C.,* 183 S.W.3d 741, 749 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (courts cannot rule on merits of a claim in deciding whether the claim must be arbitrated). We examine only whether Wachovia Securities' claim comes within the plain language of the arbitration clause—that is, whether the claim arises from Wachovia Securities' business activities and is between Wachovia Securities and an associated person. Moreover, both parties to the dispute were also parties to the "business activities" from which the dispute arises. Under these circumstances, we conclude that the claim satisfies both elements of the arbitration clause, despite the evidence that Wachovia Securities acquired the claim by assignment.

## C. Conclusion

As a matter of law, Wachovia Securities' claim against Serio on the Note is covered by the arbitration clause within their agreement. The trial court abused its discretion by denying Wachovia Securities' motion to compel arbitration and by ordering Wachovia Securities to dismiss any claim in arbitration that is based on the loan to Serio. In light of our holding, we need not address Wachovia Securities' third issue, in which it contends that Serio has waived any objection to arbitration.

### IV. DISPOSITION

We conditionally grant Wachovia Securities' petition for writ of mandamus and direct the trial court to vacate its order denying Wachovia Securities' motion to compel arbitration and ordering Wachovia Securities to dismiss its arbitration claim based on the loan in question. We further direct the trial court to stay this litigation with respect to Wachovia Securities' claim on the Note pending the completion of the arbitration already in progress. The writ will issue only if the trial court fails to comply. We dismiss Wachovia Securities' interlocutory appeal as moot.